## FILLEY. *v.* CODY.

1. A stipulation of parties filed in the court below must be preserved in the bill of exceptions, to entitle it to examination in this court.

2. In the absence of a stipulation between the parties, and in the absence of an order of court permitting a bill of exceptions to be signed out of term, a bill of exceptions, so called, signed in vacation, is properly no part of the record.

*Appeal from District Court of Gilpin County.*

Messrs. BUTLER, WRIGHT & KING, for appellant.

Mr. WILLARD TELLER, for appellee.

MOTION to strike from the record, stipulation, bill of exceptions, and record of judgment, entered in vacation.

*Per Curiam.* The stipulation of parties filed in the court below is not a part of the record proper, and should have been preserved in the bill of exceptions. We consequently cannot examine it. *Wilson* v. *McDowell*, 65 Ill. 522.

The bill of exceptions in this cause was signed and filed in vacation. The record does not show any order of court fixing a time within which the bill should be prepared and

tendered. In the case of *Jordan* v. *Finley* (*ante*, p. 189), we held, that "in the absence of a stipulation between the parties, and in the absence of an order of court permitting the bill of exceptions to be signed out of term, a bill of exceptions, so called, signed in vacation, is properly no part of the record." Even if we could consider what purports to be the stipulation of the parties herein, the bill of exceptions was not filed within the time limited by the order of the judge made in pursuance of the stipulation. In a former opinion in this case we held that the proceedings had and judgment rendered by the judge in vacation were void. A transcript of the record in this respect can serve no purpose. The motion of the appellee is allowed.

*Motion allowed.*